# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONNELL L. ANDERSON # 393424** | **CIVIL ACTION** |
| **versus** | **NO. 09-3973** |
| **WARDEN LYNN COOPER** | **SECTION: "S" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Ronnell L. Anderson, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On August 19, 2005, he was convicted of distribution of marijuana in violation of state law.[1] On February 23, 2006, he pleaded guilty to being a fourth

---

[1] State Rec., Vol. IV of V, transcript of August 19, 2005, p. 30; State Rec., Vol. III of V, minute entry dated August 19, 2005; State Rec., Vol. III of V, jury verdict form.

offender and was sentenced as such to a term of twenty years imprisonment.² On October 31, 2006, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.³ The Louisiana Supreme Court then denied his related writ application on August 31, 2007.⁴

On December 4, 2007, petitioner filed with the state district court an application for post-conviction relief.⁵ That application was denied on January 14, 2008.⁶

On May 14, 2008, petitioner filed with the state district court a second application for post-conviction relief.⁷ That application was denied on May 29, 2008.⁸ Petitioner's related writ

---

² State Rec., Vol. IV of V, transcript of February 23, 2006; State Rec., Vol. III of V, minute entry dated February 23, 2006; State Rec., Vol. III of V, guilty plea form.

³ State v. Anderson, 945 So.2d 768 (La. App. 5th Cir. 2006) (No. 06-KA-372); State Rec., Vol. III of V.

⁴ State v. Anderson, 962 So.2d 427 (La. 2007) (No. 2006-KO-2957); State Rec., Vol. III of V.

⁵ State Rec., Vol. I of V. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner's post-conviction application was signed December 4, 2007, which is the earliest date the application could have been given to prison officials for mailing and considered "filed."

⁶ State Rec., Vol. I of V, Order dated January 14, 2008.

⁷ State Rec., Vol. II of V. Petitioner signed the application on May 14, 2008.

⁸ State Rec., Vol. II of V, Order dated May 29, 2008.

applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on July 31, 2008,[9] and the Louisiana Supreme Court on August 12, 2009.[10]

On July 15, 2008, petitioner also filed a writ application directly with the Louisiana Supreme Court to challenge the manner in which the Louisiana Fifth Circuit Court of Appeal reviewed *pro se* post-conviction writ applications.[11] That application was denied on April 17, 2009.[12]

On June 16, 2009, petitioner filed the instant federal application for *habeas corpus* relief.[13] The state concedes that the application is timely filed but argues that it must be dismissed because petitioner failed to exhaust his state court remedies.[14]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the

---

[9] State v. Anderson, No. 08-KH-562 (La. App. 5th Cir. July 31, 2008) (unpublished); State Rec., Vol. II of V.

[10] State *ex rel.* Anderson v. State, 15 So.3d 1005 (La. 2009) (No. 2008-KH-2395); State Rec., Vol. V of V.

[11] State Rec., Vol. V of V. Petitioner signed cover sheet accompanying the application on July 15, 2008.

[12] State *ex rel.* Anderson v. State, 6 So.3d 787 (La. 2009) (No. 2008-KH-1650); State Rec., Vol. II of V.

[13] Rec. Doc. 3.

[14] Rec. Doc. 11.

exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Moreover, the United States Supreme Court has held that the exhaustion requirement is not met unless a petitioner *expressly* presented his claim in his pleading before the state's *highest court*, in that courts are not required to review prior decisions or briefs in the case to ferret out what claims a petitioner may be asserting. Baldwin v. Reese, 541 U.S. 27, 31-32 (2004).

Accordingly, to determine whether petitioner exhausted his state court remedies, the Court must compare the claims asserted in the instant federal application to the claims asserted in the writ applications he filed with the Louisiana Supreme Court.

In his federal application, petitioner asserted the following claims:

1. Petitioner's sentence is excessive;

2. Errors Patent;

3. Petitioner received ineffective assistance of counsel;

4. Petitioner's identification resulted from an unduly suggestive identification procedure; and

5. There was insufficient evidence to support petitioner's conviction.[15]

---

[15] The first two claims were listed on petitioner's form application, Rec. Doc. 1, pp. 5 and 7, and the last three were listed in the memorandum accompanying petitioner's federal application. Rec. Doc. 1, pp. 28, 31, and 32. In his "Objection to the State's Opposition to the Petition for Writ of Habeas Corpus," Rec. Doc. 12, petitioner appears to indicate that he is in fact asserting only the last three of these claims.

The record reflects that petitioner filed three writ applications with the Louisiana Supreme Court concerning this conviction and sentence: Nos. 2006-KO-2957, 2008-KH-1650, and 2008-KH-2395. Copies of those three writ applications are included in Volume V of the state court record.

In writ application No. 2006-KO-2957, petitioner asserted only a single claim in which he argued that his sentence was excessive.

In writ application No. 2008-KH-1650, petitioner asserted only a single claim in which he argued that the Louisiana Fifth Circuit Court of Appeal had utilized an illegal procedure in reviewing *pro se* post-conviction writ applications.

In writ application No. 2008-KH-2395, petitioner asserted the following three claims:

1. Petitioner's identification resulted from an unduly suggestive identification procedure;

2. There was insufficient evidence to support petitioner's conviction; and

3. Errors Patent.

In light of the foregoing, it is clear that petitioner has never fairly presented to the Louisiana Supreme Court his claim that he received ineffective assistance of counsel. As a result, petitioner's federal application is, at best, a mixed petition and should therefore be dismissed without prejudice on that basis. See Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Ronnell L. Anderson be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this eleventh day of February, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.